IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA <br> Plaintiff <br> vs <br><br> 1) EDGARDO NEVAREZ-ORTEGA <br> a/k/a El Viejo <br> 2) JOSE LUIS ROBLES-HERNANDEZ <br> a/k/a Joe <br> 3) RAFAEL ORTIZ-DIAZ, a/k/a Julio <br> 4) JUAN DONATO CARABALLO ARACENA <br> a/k/a Ninin <br> 5) VIDAL PAREDES LINAES <br> a/k/a Camilo <br> 6) JULIO RAFAEL HERNANDEZ-ESPINAL <br> 7) WILLIAM TORRES-RAMIREZ <br> a/k/a Willie <br> 8) SEGUNDO CERVANTES COPLIN DE LA CRUZ a/k/a Tito and <br> **9) MIGDALIA COLLAZO-CASTRO** <br> Defendants | CRIMINAL 04-0136CCC |

**O R D E R**

Following alleged violations by defendant Migdalia Collazo-Castro to her terms of supervised release, on May 11, 2005 the U.S. Probation Office filed a motion seeking the initiation of revocation proceedings and the issuance of a warrant for her arrest (docket entry 188). The arrest warrant was issued as requested, and a hearing for defendant to show cause why the term of supervised release should not be revoked was set for May 23, 2005 (docket entries 193 & 194). As defendant had not been arrested by the date of the hearing, the same was continued to be rescheduled upon her arrest (docket entry 198).

Defendant was finally arrested on October 8, 2009 (docket entry 312), and the preliminary hearing to determine whether there is probable cause to revoke her supervised release term was held before U.S. Magistrate-Judge Marcos E. López on October 14, 2009 (docket entry 315). In a Report and Recommendation filed on October 19, 2009 (docket entry 318), the Magistrate-Judge concluded that "there is probable cause to sustain the allegations of violations of supervised release contained in the . . . motion filed by the U.S.

Probation Office (Docket 188), and thus, it is respectfully recommended that this matter be scheduled for a revocation hearing." Report & Recommendation, at p. 2.

Defendant, however, has moved for dismissal of the revocation proceedings (docket entry 319). She claims that, as her supervised release term expired on February 11, 2008, the Court now lacks jurisdiction to continue with the revocation proceedings since these will resume after the term had ended and the arrest warrant issued before its expiration was not supported by oath and affirmation, in violation of 18 U.S.C. §3583(i)[1] and the holding in United States v. Vargas-Amaya, 389 F.3d 901, 907 (9th Cir. 2004), requiring that a supervised release warrant of arrest must comply with the Warrant Clause in order to toll the term of supervision. The United States has opposed her request (docket entry 322), averring that Vargas-Amaya was rejected by the Court of Appeals for the Fifth Circuit in United States v. García-Avalino, 444 F.3d 444 (5th Cir. 2006), which held that revocation warrants do not have to be supported by sworn facts.

Regardless of whether the warrant of arrest in this case was issued without oath or affirmation, we conclude that Collazo-Castro's term of supervised release has still not expired as it was tolled while she was a fugitive under the doctrine of fugitive tolling. See United States v. Murguia-Oliveros, 421 F.3d 951, 953 (9th Cir.2005); United States v. Crane, 979 F.2d 687, 691 (9th Cir.1992). Collazo-Castro became a fugitive when she "effectively absconded from serving the terms of [her] supervised release term." Murguia-Oliveros, 421 F.3d at 953. The Court in Murguia-Oliveros explained that tolling for failure to comply with supervised release terms is warranted because "we should not reward those who violate the terms of their supervised release and avoid arrest until after the original term expires." Id.

---

[1]Said provision reads:

Delayed revocation. The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

Thus, applying the doctrine of fugitive tolling to the facts of this case, Collazo-Castro became a fugitive on May 11, 2005, when the U.S. Probation Office moved for her arrest after she allegedly abandoned the residential drug treatment program to which she had been referred for detoxification (see docket entry 188, p. 2), in violation of her conditions of supervised release.  Her fugitive status tolled her term of supervision until October 8, 2009, when she was arrested and ceased to be a fugitive.  See United States v. Delamora, 451 F.3d 977, 980-81 (9th Cir. 2006).  This tolling has served to extend Collazo-Castro's term of supervision until July 8, 2012.  Therefore, the Court has jurisdiction to continue with the revocation proceedings even assuming that the warrant of arrest was not valid for having been issued without oath or affirmation.

Accordingly, defendant Collazo-Castro's Motion to Dismiss (**docket entry 319**) is DENIED.  The final revocation hearing will be set by separate Order.

SO ORDERED.

At San Juan, Puerto Rico, on March 25, 2010.


				S/CARMEN CONSUELO CEREZO
				United States District Judge