IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>1) EDGARDO NEVAREZ-ORTEGA<br>a/k/a El Viejo<br>2) JOSE LUIS ROBLES-HERNANDEZ<br>a/k/a Joe<br>3) RAFAEL ORTIZ-DIAZ, a/k/a Julio<br>4) JUAN DONATO CARABALLO ARACENA<br>a/k/a Ninin<br>5) VIDAL PAREDES LINAES<br>a/k/a Camilo<br>6) JULIO RAFAEL HERNANDEZ-ESPINAL<br>7) WILLIAM TORRES-RAMIREZ<br>a/k/a Willie<br>8) SEGUNDO CERVANTES COPLIN DE LA CRUZ a/k/a Tito and<br>**9) MIGDALIA COLLAZO-CASTRO**<br>Defendants | CRIMINAL 04-0136CCC |

**O R D E R**

On March 25, 2010, the Court denied (docket entry 325) a Motion to Dismiss Revocation Proceedings filed by defendant Migdalia Collazo-Castro (docket entry 319) which was based on the alleged unavailability of 18 U.S.C. §3583(i) to extend her term of supervision until adjudication of the matters arising before its expiration because the warrant issued for her arrest prior to the expiration of said term had been obtained without an oath or affirmation as allegedly required by the Fourth Amendment. In denying the motion, the Court bypassed defendant's argument under the Warrant Clause, relying instead on the doctrine of "fugitive tolling" developed by the Ninth Circuit which established that a term of supervised release was tolled while a defendant remained fugitive by absconding from serving the terms of supervision.

Defendant has now moved for reconsideration from that Order (**docket entry 328**) based on the recent case of United States v. Hernández-Ferrer, ___ F.3d ___, 2010 WL 986638 (1st Cir. 2010), which the Court of Appeals for our Circuit decided after our prior

Case 3:04-cr-00136-CCC-SCC   Document 329   Filed 04/23/10   Page 2 of 3
CRIMINAL 04-0136CCC                    2

opinion had been drafted but before its issuance. In Hernández-Ferrer, the First Circuit squarely turned down the doctrine of fugitive tolling crafted by the Ninth Circuit, calling it "sanguine," id., at *4, and expressly rejected the notion advanced by the government therein that "an offender's fugitive status tolls the running of a term of supervised release." Id. The First Circuit, nonetheless, also indicated in its opinion that:

> If an offender absconds before the expiration of his supervised release term, he will not do so with impunity. After all, the statute allows for the passage of a period of time, following the expiration of a term of supervised release, which is "reasonably necessary" to adjudicate matters arising before expiration. 18 U.S.C. §3583(i). This period would include the time that the offender, by his own contrivance, cannot be haled into court. Thus, as long as a warrant or summons issues before the expiration of the term, an offender who remains a fugitive will still be subject to the court's jurisdiction once located, and his conduct while a fugitive will be considered at sentencing. . . . It follows that a judicially contrived tolling mechanism is not necessary to deter offenders from absconding.

Id., at *5.

      Thus, while under the First Circuit's rule the period a defendant is absconded from supervision would still serve to extend the term of supervised release beyond its original expiration date, a warrant or summons issued before said expiration date would still be necessary. Such was the case here, as the warrant for defendant's arrest was issued on May 18, 2005 (docket entry 194), well before the expiration of her term of supervised release on February 11, 2008. Defendant posits, however, that the warrant must be based upon oath or affirmation in compliance with the requirements of the Fourth Amendment, as established by the Ninth Circuit in United States v. Vargas-Amaya, 389 F.3d 901, 907 (9th Cir.2004) (holding that "a district court's jurisdiction to revoke supervised release can be extended beyond the term of supervision under [18 U.S.C.] §3583(i), based upon a warrant issued during the term of supervision, only if the warrant was issued 'upon probable cause, supported by Oath or affirmation,' as required by the Fourth Amendment.") The majority of the Circuits that have addressed this issue disagree, however. See United States v. Brennan, 285 Fed.Appx. 51, 55 (4th Cir. 2008) ("The text of the statute does not require that the warrant be founded upon probable cause or sworn allegations in order for the district court to exercise jurisdiction"); United States v. Presley, 487 F.3d 1346, 1349 (11th Cir. 2007) ("If Congress had wanted, it easily could have said that for purposes of supplying reach back jurisdiction under 3583(i) a summons must be supported by sworn facts. It didn't say that");

United States v. García-Avalino, 444 F.3d 444, 445 (5th Cir. 2006) (rejecting the notion "that there is an implicit sworn-facts requirement embedded in the very meaning of the word 'warrant" as a legal term," and concluding that the district court had jurisdiction over the defendant under §3583(i) regardless of whether the warrant was supported by sworn facts.)

      Having considered the various arguments on this issue, the Court believes that the position adopted by the Fifth Circuit in García-Avalino that the warrant for the arrest of a supervised releasee need not comply with the Oath or affirmation clause of the Fourth Amendment, later followed by the Eleventh and Fourth Circuits, is the more logical.  To the reasons aptly explained by the Fifth Circuit in adopting said position we simply add but one: a warrant for the arrest of a releasee may be triggered by ordinary violations to standard conditions of release, as often happens with occurrences as nonchalant as failing to submit a required monthly report, or a failure to inform a change of address.  It seems to us that such situations should not require the heightened sworn-facts crucible of the Warrant Clause, especially when the arrest warrants are requested by the supervising U.S. Probation Officers. (Cf. Fed.R.Crim.P. 4(a), which requires a warrant supported by Oath or affirmation for the arrest of a person against whom there is probable cause of having committed a criminal offense.)  Given those circumstances, we are not persuaded that the term "warrant" as used in 18 U.S.C. §3583(i) implicitly includes a sworn-facts requirement as interpreted by the Ninth Circuit in Vargas-Amaya.

      Accordingly, we reject defendant's contentions that since her arrest warrant was issued without Oath or affirmation, it was necessarily invalid for purposes of extending the period during which the violations of her supervised release may be pursued pursuant to 18 U.S.C. §3583(i) .  Simply put, §3583(i) does not require that the warrant to which it refers be supported by sworn facts.  Consequently, defendant's Motion for Reconsideration filed on April 5, 2010 (**docket entry 328**) is hereby DENIED.

      SO ORDERED.

      At San Juan, Puerto Rico, on April 23, 2010.


                                             S/CARMEN CONSUELO CEREZO
                                             United States District Judge